```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
BERNY SOTO,

                    Plaintiff,
                                           MEMORANDUM & ORDER
          -against-                        21-CV-5524(JS)(AYS)

FINANCIAL RECOVERY SERVICES, INC.,
and CAVALRY SPV I, LLC,
                    Defendants.
-----------------------------------X
APPEARANCES
For Plaintiff:           David M. Barshay, Esq.
                         Barshay, Rizzo, & Lopez, PLLC
                         445 Broadhollow Road, Suite CL18
                         Melville, New York  11747

For Defendant
Cavalry SPV I, LLC:      No appearance.

For Defendant
Financial Recovery
Services, Inc.:          Michael Thomas Etmund, Esq.
                         Moss & Barnett
                         150 South Fifth Street, Suite 1200
                         Minneapolis, Minnesota  55402
```

SEYBERT, District Judge:

In this consumer action, Berny Soto ("Plaintiff") brings claims against Financial Recovery Services, Inc., and Cavalry SPV I, LLC ("Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA") and the New York General Business Law. (See generally Compl. ECF No. 1-2.)  First, Plaintiff alleges Defendants, without Plaintiff's consent, utilized a third-party to prepare and mail written correspondence that conveyed "private and sensitive" information about Plaintiff, including Plaintiff's

1

status as a debtor, the precise amount of the alleged debt, and the entity to which Plaintiff allegedly owed the debt, among other things. (Id. ¶¶ 79-81, 114, 124.) Further, Plaintiff alleges that Defendants' claim that Plaintiff owes the at-issue debt is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged debt. (Id. ¶¶ 170-83.) Plaintiff alleges he "justifiably fears" that Defendants "will ultimately cause Plaintiff unwarranted economic harm . . . unwarranted harm to his credit rating . . . [and] to be sued for a debt Plaintiff does not owe" (Id. ¶¶ 103-05.) Moreover, Plaintiff alleges that Defendants' conduct caused Plaintiff to waste time, be confused and unsure as to his rights, and to seek advice from counsel, thus incurring attorneys' fees. (Id. ¶ 106.)

For the reasons set forth in Ciccone v. Cavalry Portfolio Servs., LLC, No. 21-CV-2428, 2021 WL 5591725 (E.D.N.Y. Nov. 29, 2021), which is incorporated herein by reference, Plaintiff's allegations fail to adequately plead a concrete injury in fact. See also In re FDCPA Mailing Vendor Cases, No. 21-CV-2312, 2021 WL 3160794, at *1 (E.D.N.Y. July 23, 2021); Williams v. Credit Corp Solutions, Inc. d/b/a Tasman Credit, 21-CV-5729 (E.D.N.Y. Oct. 26, 2021) (text order) (remanding FDCPA action with identical allegations); Kola v. Forster & Garbus LLP, No. 19-CV-10496, 2021 WL 4135153, at *6-8 (S.D.N.Y. Sept. 10, 2021). Nor do Plaintiff's allegations that Defendants' conduct places him at risk of future

2

economic harm suffice to confer Article III standing. <u>TransUnion v. Ramirez</u>, 141 S. Ct. 2190, 2210-11 (2021). Thus, Plaintiff lacks standing, and this Court lacks jurisdiction.

CONCLUSION

For the stated reasons, Plaintiff's letter requesting remand (ECF No. 5) is GRANTED, and this case is hereby remanded to the District Court of the County of Suffolk, Sixth District.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   January   21  , 2022
         Central Islip, New York